IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DELORIS McGRIFF,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05-cv-447-F |
| ) | |
| **JOHN E. POTTER,** ) | |
| **Postmaster General,** ) | |
| **United States Postal Service,** ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS**

**COMES NOW** Defendant, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files this Memorandum in Support of Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking the dismissal of Plaintiff's claims because she failed to exhaust her mandatory administrative remedies.

**STATEMENT OF THE CASE**

This is a lawsuit for alleged employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiff, proceeding *pro se*, alleges in her three-page Complaint that Defendant discriminated against her because of her race on June 8, 2004, when Defendant failed to remove Plaintiff's name from the Montgomery Post Office carrier register. (Pl. Comp., at ¶¶ 6, 9). She further asserts, without factual support, that Defendant failed to promote or hire her. (Pl. Comp. at ¶ 4). Her Complaint includes 59 pages of documents that provide details regarding her failure to administratively exhaust her claims. These documents are considered part of the Complaint. See Fed. R. Civ. P. 10(c).

I. **Plaintiff's Untimely and Deficient Informal Complaint.**

On September 27, 2004, Plaintiff, a Postal Service employee at the Dothan Post Office in Dothan, Alabama, made initial contact with the EEO Office of the United States Postal Service. (Pl. Comp., Documents 18-20 of 59). She alleged that on June 8, 2004, the agency failed to remove her name from the Montgomery Post Office Carrier register as she had requested. (Id.) Plaintiff subsequently completed an Information for Pre-Complaint Counseling form. (Id.) This form contained a section entitled "Discrimination Factors," which advised Plaintiff of the types of prohibited discrimination (such as race, color, religion, sex, age (40+), national origin, and physical or mental handicap) covered by the EEO process. (Id. at 18 of 59). The form further instructed Plaintiff to list the type of discrimination alleged and explicitly stated "Please be specific, i.e., Race - African-American, Sex - Female." (Id.) Plaintiff disregarded these instructions and left this section of the form blank. (Id.) In fact, Plaintiff did not indicate anywhere on the form what type of discrimination she was alleging or the protected class or classes to which she belonged. (Id.)

Virginia Files, the EEO Counselor assigned to Plaintiff's informal complaint, subsequently advised Plaintiff that the EEO process was designed to address complaints of discrimination based on certain protected characteristics, and that Plaintiff had to cite to a specific type of discrimination or her complaint might not be accepted for further investigation. (Id. at 11 of 59). Plaintiff responded that "she did not think this complaint was one of discrimination," and she did not amend her informal complaint to reference any specific type of prohibited discrimination. (Id.) She also told the EEO Counselor that "she fully understood the process." (Id.)

On December 1, 2004, Plaintiff was notified by letter that her complaint could not be resolved through informal counseling. (Id. at 53-54 of 59). The letter advised Plaintiff that she had 15 days to file a formal complaint of discrimination with the agency, and reminded Plaintiff again that "an EEO complaint can be based only on discrimination because of race, color, religion, sex, national origin, age (40+), mental or physical disability, or reprisal for past EEO activity." (Id.) Furthermore, the letter instructed Plaintiff that her formal complaint "must also contain .. the specific type of discrimination alleged, e.g., race-black, sex-female, etc." (Id.)

**II. Plaintiff's Deficient Formal Complaint.**

On December 7, 2004, Plaintiff filed a Formal Complaint with the Postal Service, designated Case No. 4H-350-0162-04, covering the same subject matter as her informal complaint. (Id. at 56 of 59). She used a standard complaint form that contained a section entitled "Type of Discrimination You Are Alleging" that listed specific examples of prohibited discrimination such as race, color, religion, national origin, sex, age, retaliation, or disability. (Id.) Contrary to the specific instructions given her by the EEO Counselor and in the form, Plaintiff did not check any of the boxes in this section. (Id.) Nor did she specify her protected classification. (Id.) Instead of following directions, Plaintiff added to the form in her handwriting a new and separate type of discrimination, which she labeled "disparate treatment." (Id.) Nowhere in her Formal Complaint did she indicate that she was alleging discrimination, or disparate treatment, based on her race or based on any of the other protected classes that were pre-printed on the form. (Id.)

On December 22, 2004, the Postal Service issued a Final Agency Decision (FAD) dismissing Plaintiff's Formal Complaint on two different grounds. (Id. at 4-6 of 59).

-3-

First, the Postal Service dismissed Plaintiff's Formal Complaint pursuant to 29 C.F.R. §1614.107(a) and 29 C.F.R. § 1614.103(a) for failure to state a claim upon which relief could be granted because she had not alleged that she had been discriminated against based on her membership in any of the protected classifications covered by Title VII. (Id. at 4 of 59). Second, the Postal Service dismissed Plaintiff's Formal Complaint pursuant to 29 C.F.R. §1614.107(a)(2) for untimeliness, because Plaintiff had failed to initiate contact with an EEO Counselor within 45 days of the June 8, 2004 incident as required by 29 C.F.R. §1614.105(a) (1). (Id. at 4-6 of 59).

**III.    Appeal and EEOC Decision That Plaintiff's Complaint Was Untimely.**

Plaintiff appealed the dismissal of her Formal Complaint to the EEOC with the assistance of a Union Representative. (Id. at 13-14 of 59). She argued that her allegation of "disparate treatment" by itself was sufficient to form the basis of an EEO complaint, and then suggested for the first time that her race, which was not disclosed, might be the reason for the challenged action. (Id.) She failed, however, to give any explanation why she failed to raise these racial allegations to the EEO Counselor or the agency through her informal or her formal complaints. (Id.) Plaintiff also argued that the lateness of her informal complaint was "a moot point" that should not bar her claims because the EEO Counselor had accepted the complaint for investigation. (Id.) On April 22, 2005, the EEOC Office of Federal Operations (OFO) rejected Plaintiff's arguments and affirmed the dismissal of Plaintiff's Formal EEO Complaint. (Id. at 1 of 59). The OFO held that Plaintiff's informal complaint had been untimely since the alleged discriminatory act took place on June 8, 2004, and Plaintiff had not contacted an EEO counselor until September 24, 2004. (Id. at 1 of 59). The OFO decision explicitly found that "[o]n appeal,

complainant has presented no persuasive arguments or evidence warranting an extension of the time limit for initiating EEO Counselor Contact." (Id.) The OFO decision also noted that, although Plaintiff was now suggesting race might be the alleged basis of the "disparate treatment," she still had not identified her race. (Id.) This lawsuit followed.

## ARGUMENT AND CITATION OF AUTHORITY

This Court should dismiss Plaintiff's Complaint because she failed to exhaust her administrative remedies and thus fails to state a claim upon which relief may be granted. See Thompson v. West, 883 F. Supp. 1502, 1507-1508 (M.D. Ala. 1995). A court should dismiss a complaint for failure to state a claim when, assuming the factual allegations in the Complaint and attached documents are true, the plaintiff can prove no set of facts in support of her claim entitling her to relief. See Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1262-1263 (11th Cir. 2004). Applying this standard, Plaintiff's claims are barred as matter of law because she failed to timely and fully exhaust her mandatory administrative remedies.

**I. Plaintiff Did Not Timely Exhaust Her Administrative Remedies.**

As a preliminary matter, Plaintiff's claims should be dismissed because she failed to timely initiate contact with an EEO counselor. Before a federal employee may file a lawsuit alleging discrimination under Title VII, she must satisfy administrative prerequisites which require her to first submit the claims to the agency against which the accusations are being lodged. See Grier v. Secretary of the Army, 799 F.2d 721, 724 (11th Cir. 1986); Manning v. Carlin, 786 F.2d 1108 (11th Cir. 1986); Hoffman v. Boeing, 596 F.2d 683, 685 & n.1 (5th Cir. 1979); Bullock v. Widnall, 953 F. Supp. 1461, 1470 (M.D. Ala. 1996). The governing regulations mandate that a federal employee "must

initiate contact with [an agency EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action." See 29 C.F.R. § 1614.105(a)(1) (emphasis added); Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002); Howell v. Dep't of the Army, 975 F. Supp. 1293, 1299 (M.D. Ala. 1997).

Since these administrative regulations are a condition to the waiver of sovereign immunity in Title VII lawsuits, their requirements must be narrowly construed and are subject to strict compliance. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990); Bullock, 953 F. Supp. at 1470. In Johnson v. Bergland, 614 F.2d 415 (5th Cir. 1980), for example, the Fifth Circuit noted that:

> The administrative complaint procedures must be complied with.... [I]f the agency does not reach the merits of the complaint because the complainant fails to comply with the administrative procedures, the Court should not reach the merits either. Otherwise, the complainant might be dilatory at the administrative level, knowing that he can get [a claim] into federal court anyway.

Id. at 417-18 (citation and quotation omitted). Accordingly, "it has long been settled in this circuit that a federal employee's unexcused failure to timely initiate an administrative discrimination complaint results in dismissal of the suit for failure to state a claim upon which relief may be granted." Thompson, 883 F. Supp. at 1507.

In the present case, Plaintiff did not contact an EEO Counselor within 45 days of the June 8, 2004, challenged agency action as required by 29 C.F.R. § 1614.105(a)(1). Instead, she first contacted an EEO Counselor on September 27, 2004, which was 111 days after the challenged action. (Pl. Comp. Docs. 8, 18 of 59). Plaintiff's failure to exercise diligence led the agency to dismiss her claims as untimely. (Id. at 4-6 of 59). The EEOC affirmed this dismissal, noting that no persuasive arguments or evidence had

been offered to extend the 45-day period. (Id. at 1-3 of 59). Plaintiff has thus offered no valid justification for her failure to timely contact an EEO Counselor, and this Court should dismiss her lawsuit for failure to timely exhaust her administrative remedies. See Johnson, 614 F.2d at 418 ("if the agency does not reach the merits of the complaint because the complainant fails to comply with the administrative procedures, the Court should not reach the merits either"); Thompson, 883 F. Supp. at 1507.

Indeed, the only argument Plaintiff presented on appeal to the EEOC regarding her untimely submission was that the agency had waived any challenge to her untimeliness by accepting her informal complaint for investigation. (Id. at 13-14 of 59). This contention is meritless. The law is settled that an agency does not waive any objection to a plaintiff's failure to contact an EEO Counselor within 45 days of a challenged action merely by accepting an untimely complaint for investigation. See Oaxaca v. Roscoe, 641 F.2d 386, 389-90 (5th Cir. 1981) ("we reject [plaintiff's] contention that the federal agency, by merely accepting and investigating a tardy complaint, automatically waives its objection to the complainant's failure to comply with the prescribed time [limits]"). Accordingly, Plaintiff's lawsuit is barred and must be dismissed for failure to exhaust. See Thompson, 883 F. Supp. at 1507.

**II. Plaintiff Did Not Fully Exhaust Her Administrative Remedies Because She Did Not Reference Race Discrimination In Her Administrative Complaints and Failed to Cooperate with the Agency's Investigation.**

Furthermore, in addition to being barred for being untimely, Plaintiff's race discrimination claims are barred because she never raised any allegation of race discrimination in either her informal or formal EEO complaints, and she failed to cooperate in the EEO Counselor's attempt to determine if some form of prohibited

discrimination formed the basis of her allegations. (Pl. Comp. Docs. at 8, 11, 18, 56 of 59). The Eleventh Circuit has stated that "[u]nfair treatment, absent discrimination based on race, sex, or national origin, is not an unlawful employment practice under Title VII." See Coutu v. Martin County Bd. of Educ., 47 F.3d 1068, 1074 (11th Cir. 1995) (emphasis added). The regulations applicable to federal sector employees likewise explicitly limit the administrative EEO process to certain types of discrimination complaints, namely those concerning differential treatment because of a person's race, color, religion, sex, national origin, age, handicap, or retaliation for making complaints of such discrimination. See 29 C.F.R. § 1614.103(a). The federal EEO process is, therefore, not a generalized grievance procedure for employees to raise claims of unfair treatment unrelated to federal discrimination laws.

Importantly, the purpose of the administrative exhaustion requirement is to give the agency the opportunity to investigate allegations of prohibited discrimination, mediate them, and take any appropriate remedial action. See Gregory v. Ga. Dep't of Human Resources, 355 F.3d 1277, 1280 (11th Cir. 2004); Stewart v. United States INS, 762 F.2d 193, 198 (2d Cir. 1985). To be minimally sufficient, therefore, an administrative complaint must give the agency adequate notice of the nature of a plaintiff's allegations by identifying the type of alleged prohibited discrimination, the name of the alleged discriminator, and an approximate time period of the alleged discrimination. See Gunnell v. Utah Valley State College, 152 F.3d 1253, 1260 (10th Cir. 1998). Furthermore, to satisfy the exhaustion requirement, a plaintiff must cooperate with the agency in good faith and provide available and relevant information to the agency during the course of its

investigation into the plaintiff's complaint. See Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir. 1999).

Subsequent lawsuits are limited by the scope of the EEO investigation that can reasonably be expected to grow out of administrative complaint of discrimination. See Gregory, 355 F.3d at 1280. When, as here, an administrative complaint does not allege any discrimination prohibited by federal law, then any subsequent lawsuit asserting a type of prohibited discrimination for the first time should be dismissed for failure to exhaust. See Hossain v. The Russian Tea Room, No. 01 Civ. 0500, 2001 U.S. Dist. LEXIS 10375, *3 (S.D.N.Y. July 23, 2001) (See "Attachment 1"). In Hossain, for example, the plaintiff filed an EEOC charge and did not check any of the boxes for the types of discrimination covered by Title VII. See id. at *1. Instead, he checked a box marked "other" and wrote that his employer had not liked him and had been unfair to him. See id. The plaintiff later filed a lawsuit alleging national origin discrimination. See id. at *2. The district court noted that the plaintiff, by deliberately bypassing all the prohibited forms of discrimination on his EEOC charge and marking the "other" box had "specifically disclaimed" any contention that his employer's acts had been motivated by a bias prohibited by Title VII. See id. at *3. The court then dismissed the plaintiff's lawsuit, and explained its rational as follows:

> The whole point of requiring initial recourse to the EEOC is to bring into play the administrative mechanism which Congress intended to be the principal means of resolving employment discrimination claims. Plaintiff's charge gave the EEOC no basis for supposing that Plaintiff's grievance fell within its area of concern. This bypassing of the EEOC, whether advertent or not, would defeat Congress' intentions if allowed to stand.

Id. at *3. Notably, such a case is entirely distinguishable from a case where a plaintiff raises one theory of discrimination during the administrative process and then raises

another theory during a later lawsuit.  See Gregory, 355 F.3d at 1280.  In such a situation, the EEO Counselor and agency is at least on notice that a violation of federal law is being alleged and can conduct their investigations accordingly.  See id.

In this case, Plaintiff was advised both in writing and verbally that she had to identify a type of prohibited discrimination and her protected class.  (Pl. Comp. Docs. at 11, 18, 52, 56 of 59).  The forms that she completed provided explicit instructions and examples of types of prohibited discrimination.  Despite these instructions, however, Plaintiff did not reference race discrimination in either her informal complaint or her Formal Complaint.  (Id. at 11, 18, 56 of 59).  The boxes for race discrimination were not checked and her narrative sections made no mention of race.  Indeed, Plaintiff's creation of a new "disparate treatment" box on her Formal Complaint was a deliberate bypass of the box for race discrimination and a specific disclaimer of any such allegation.  See Hossain, 2001 U.S. Dist. LEXIS 10375, at *3.

Furthermore, Plaintiff did not even reference race discrimination when the EEO Counselor explained to Plaintiff that the EEO process only covered the types of discrimination covered by federal discrimination laws and told her she had to identify a specific and prohibited type of discrimination in her complaint.  (Id. at 11).  Instead, Plaintiff told the EEO Counselor that she fully understood the process and that she affirmatively did not think her complaint was one of discrimination.  (Id. at 11).

Accordingly, not only did Plaintiff fail to allege race discrimination during the entire administrative process, but she failed to cooperate with the agency's efforts to determine whether there was some prohibited type of discrimination at the core of her EEO complaint.  The Eleventh Circuit has held that a plaintiff must fully cooperate, in good

-10-

faith, in the administrative process in order to fully exhaust her administrative remedies. See Crawford, 186 F.3d at 1326. This good-faith requirement means that a plaintiff must supply relevant and available information to an agency when the agency requests it. See id. Plaintiff did not inform the EEO Counselor, or the agency, that she was alleging race discrimination even when questioned by the Counselor as to the type of discrimination being alleged. (Pl. Comp. Docs. at 11 of 59).

Plaintiff's failure to reveal her theory of race discrimination to the EEO Counselor or agency led to the dismissal of her complaint by the agency for failure to state a claim for relief. (Id. at 4-6 of 59). If the exhaustion requirement is to have any meaning, Plaintiff cannot be allowed to file a lawsuit on a theory of discrimination that she refused to provide, in good faith, to the EEO Counselor or agency when asked about her allegations on the complaint forms and in person. See Crawford, 186 F.3d at 1326. See also Edwards v. Dep't of the Army, 708 F.2d 1344, 1347 (8th Cir. 1983) (holding plaintiff failed to exhaust because "the record clearly shows that [plaintiff], for whatever reason, failed to provide the EEO officer with the information she needed to take any meaningful action on his complaint"). In addition to Plaintiff's untimeliness, therefore, Plaintiff's failure to allege race discrimination during the entire administrative process, as well as her lack of cooperation with the EEO Counselor and agency, are additional reasons that she failed to exhaust her administrative remedies. See Johnson, 614 F.2d at 418 ("'if the agency does not reach the merits of the complaint because the complainant fails to comply with the administrative procedures, the Court should not reach the merits either").

## CONCLUSION

For the foregoing reasons, Plaintiff cannot prevail on any of her claims as a matter of law. Accordingly, Defendant respectfully requests that its Motion to Dismiss be granted in its entirety and that Plaintiff's Complaint be dismissed with prejudice. Respectfully submitted this 9th day of August, 2005.

        Respectfully submitted,

        LEURA G. CANARY
        United States Attorney

By: s/James J. DuBois
     JAMES J. DUBOIS
     Assistant United States Attorney
     Georgia Bar No. 231445
     United States Attorney's Office
     Post Office Box 197
     Montgomery, AL 36101-0197
     Telephone: (334) 223-7280
     Facsimile: (334) 223-7418
     E-mail: james.dubois2@usdoj.gov

OF COUNSEL:

GILLIAN STEINHAUER
Attorney
Law Department
United States Postal Service
225 N. Humphreys Blvd.
Memphis, TN 38166-0170
(901) 747-7350
Fax: (901) 747-7371

## CERTIFICATE OF SERVICE

    I hereby certify that I have this date served a copy of the foregoing Memorandum upon the Plaintiff at her address of record, 3487 Ed Tolar Road, Pansey, Alabama 36370, by mailing a copy of same, first class, postage prepaid, on this 9th day of August, 2005.

                                           s/James J. DuBois
                                           Assistant United States Attorney