# ATTACHMENT 1

Get a Document - by Citation - 2001 U.S. Dist. LEXIS 10375    Page 1 of 3

Case 1:05-cv-00447-WKW-CSC    Document 12-2    Filed 08/09/2005    Page 2 of 4

2001 U.S. Dist. LEXIS 10375, *

GAZI A. HOSSAIN, Plaintiff, -against- THE RUSSIAN TEA ROOM, Defendant.

01 Civ. 0500 (LAK)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2001 U.S. Dist. LEXIS 10375

July 23, 2001, Decided

**DISPOSITION:** [*1] Defendant's motion to dismiss action granted.

**CASE SUMMARY:**
**PROCEDURAL POSTURE:** Plaintiff employee sued defendant restaurant under Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et seq. The restaurant moved to dismiss the pro se Title VII case for lack of subject matter jurisdiction.

**OVERVIEW:** After having been fired from the restaurant, the employee filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). In the box where he was asked to check the basis of the alleged discrimination, the employee checked the box marked "other." In the section calling for specification, the employee said he was discharged because they did not not like him, that the cook threatened the employee because the employee caught him stealing food, and that he was threatened by another employee whom the employee reported to management for sleeping on the job. Following the EEOC's alleged issuance of a right to sue letter, the employee filed this action claiming that he was fired on the basis of his race, color and national origin. The court noted that the point of requiring initial recourse to the EEOC was that Congress intended the administration to be the principal means of resolving employment discrimination claims. The employee's charge gave the EEOC no basis for supposing that the employee's grievance fell within its area of concern. This bypassing of the EEOC, whether advertent or not, would defeat Congress' intentions if allowed to stand.

**OUTCOME:** The restaurant's motion to dismiss was granted.

**CORE TERMS:** national origin, fired, grievance, bypassing, manager, box

### LexisNexis(R) Headnotes

Labor & Employment Law > U.S. Equal Employment Opportunity Commission > Enforcement
*HN1* The filing of a charge of discrimination before the Equal Employment Opportunity Commission (EEOC) is a procedural prerequisite to filing an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et seq. Even where such a charge is filed, however, relief may not be obtained in a Title VII action for claims that were not listed in the EEOC charge and not reasonably related to the claims that were listed.

**COUNSEL:** GAZI A. HOSSAIN, plaintiff, Pro se, Sunnyside, NY.

**JUDGES:** Lewis A. Kaplan, United States District Judge.

**OPINIONBY:** Lewis A. Kaplan

Get a Document - by Citation - 2001 U.S. Dist. LEXIS 10375 Page 2 of 3

Case 1:05-cv-00447-WKW-CSC   Document 12-2   Filed 08/09/2005   Page 3 of 4

**OPINION: ORDER**

LEWIS A. KAPLAN, *District Judge*.

Defendant moves to dismiss this *pro se* Title VII case for lack of subject matter jurisdiction. Plaintiff has not responded to the motion.

Plaintiff was an employee of the Russian Tea Room restaurant until he was fired on August 21, 2000. He filed a charge of discrimination with the EEOC. In the box in which he was asked to check whether the alleged discrimination was based on race, national origin, religion, certain other categories or "other," he checked only "other." In the section calling for the particulars of the claim, plaintiff said that he was discharged "because they do not like me," that the head cook threatened plaintiff because plaintiff "caught him stealing food," and that he was threatened by another employee whom plaintiff reported to management for "sleeping on the job." He summed up his grievance by saying that he wanted "to sue the company for being unfair to me because they do not like me."

Following the EEOC's alleged issuance of [*2] a right to sue letter, plaintiff filed this action claiming that he was denied promotion and then fired on the basis of his race, color and national origin. The particulars of his claim, as related in the complaint, are similar to those in the EEOC charge save that he claims that the manager who fired him told him that the manager did not like him because he was Bangladeshi and then terminated his employment.

HN1 The filing of a charge of discrimination before the EEOC is a procedural prerequisite to filing an action under Title VII. *E.g., Durant v. Nynex,* 101 F. Supp. 2d 227, 235 (S.D.N.Y. 2000). Even where such a charge is filed, however, relief may not be obtained in a Title VII action for claims that were not listed in the EEOC charge and not reasonably related to the claims that were listed. *E.g., Butts v. City of New York Dep't of Housing Preservation & Development,* 990 F.2d 1397, 1401 (2d Cir. 1993).

In this case, plaintiff's EEOC charge claim neither racial, religious or national origin discrimination. And while at least some of the personality conflicts that are the subject of this lawsuit were mentioned, there was nothing in the charge to alert [*3] the EEOC to plaintiff's contention that these problems were motivated by proscribed discriminatory animus. Indeed, the charge quite clearly suggested plaintiff's view that they were not, as he specifically disclaimed any such motivation by deliberating bypassing the boxes to check the basis of the discrimination complained of in favor of checking "other."

The whole point of requiring initial recourse to the EEOC is to bring into play the administrative mechanism which Congress intended to be the principal means of resolving employment discrimination claims. Plaintiff's charge gave the EEOC no basis for supposing that plaintiff's grievance fell within its area of concern. This bypassing of the EEOC, whether advertent or not, would defeat Congress' intentions if allowed to stand.

For the foregoing reasons, defendant's motion to dismiss the action is granted.

SO ORDERED.

Dated: July 23, 2001

Lewis A. Kaplan

United States District Judge

Get a Document - by Citation - 2001 U.S. Dist. LEXIS 10375　　Page 3 of 3

Case 1:05-cv-00447-WKW-CSC　Document 12-2　Filed 08/09/2005　Page 4 of 4

Service: **Get by LEXSEE®**
Citation: **2001 U.S. Dist. LEXIS 10375**
View: Full
Date/Time: Monday, August 8, 2005 - 3:40 PM EDT

\* Signal Legend:
- ● - Warning: Negative treatment is indicated
- [Q] - Questioned: Validity questioned by citing refs
- ▲ - Caution: Possible negative treatment
- ◆ - Positive treatment is indicated
- [A] - Citing Refs. With Analysis Available
- [I] - Citation information available

\* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.