IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DELORIS McGRIFF | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:05cv447-C |
| | ) | (WO) |
| JOHN E. POTTER, | ) | |
| Postmaster General, United States | ) | |
| Postal Service | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Deloris McGriff filed this action on May 16, 2005, alleging that the United States Postal Service, through Postmaster General John E. Potter,[1] discriminated against her based on her race by failing to place her on the proper hiring register and failing to hire her as a permanent postal employee. The court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331, 1343.

Now pending before the court is defendant Potter's Motion to Dismiss (Doc. # 11). After careful review and consideration, the court concludes that the Motion to Dismiss is due to be denied.

---

[1] When alleging a claim of discrimination under Title VII against a federal agency, a plaintiff, "may file a civil action . . . in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. 2000e-16(c). Therefore, the Postmaster is the proper defendant in a Title VII case based on actions by the United States Postal Service. *Soto v. USPS*, 905 F.2d 537, 539 (1st Cir. 1990).

## STANDARD OF REVIEW

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one." *Scheuer v. Rhodes*, 416 U.S. 232 (1974). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Id*. "Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Id.*

In appraising the sufficiency of the complaint, courts follow the well-established rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (footnote omitted); *see also Gardner v. Toilet Goods Ass'n.*, 387 U.S. 167, 172 (1967). The threshold for a complaint to survive a motion to dismiss is "exceedingly low." *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

## ALLEGATIONS OF THE COMPLAINT[2]

The plaintiff alleges the following facts:

---

[2] On a motion to dismiss, the court must take the facts as stated in the complaint as true.

On June 8, 2004, McGriff requested that her name be removed from the hiring register for the Postal Service in Montgomery, Alabama so that she could secure a place on the hiring register at the Postal Service in Dothan, Alabama. The United States Postal Service does not allow a candidate to occupy places on two hiring registers at once. On August 24, 2004, the Montgomery Postal Service called McGriff to interview for a job. When McGriff received this call, she realized that her name had neither been removed from the Montgomery hiring register nor added to the Dothan hiring register. McGriff alleges that the Postal Service disregarded her request due to her race.

## DISCUSSION

Potter alleges that this lawsuit is due to be dismissed for two reasons: 1) McGriff's initial informal complaint was untimely and 2) McGriff failed to exhaust her administrative remedies because she did not allege any claims of racial discrimination until she filed this suit in district court. McGriff asserts that her claim was filed timely, and that she exhausted her administrative remedies by following the proper procedure to lodge allegations of racial discrimination in good faith and to the best of her ability.

Federal regulations require federal employees or employment candidates to file discrimination claims with an internal Equal Employment Opportunity ("EEO") counselor within forty-five days of the incident. See C.F.R. § 1614.105(a)(1). Next, the aggrieved party may file a formal complaint, which may be appealed to the Office of Federal Operations of the Equal Employment Opportunity Commission, and finally to the United States District Court.

McGriff alleges that her complaint was timely. Potter alleges that the discriminatory incident took place on June 8, 2004, when McGriff requested that her name be removed from the Montgomery hiring register. In contrast, McGriff claims that she had no knowledge of the failure to remove her name from the Montgomery register until August 24, 2004. She references both of these dates in her charge. If McGriff can provide sufficient evidence that the claim arose on August 24, 2004, she may be able to establish that her informal complaint was timely when it was filed in September 2004.

Next, McGriff alleges that she followed the correct sequence and substance of filings to preserve her claim of racial discrimination. Potter argues that this action should be dismissed because McGriff's written charge documents filed prior to this suit fail to identify her protected category. Her formal administrative complaint was dismissed on that basis, and the EEOC affirmed this decision, as demonstrated by attachments that are part of McGriff's complaint. McGriff alleges, however, that her claim was always based upon racial discrimination. She claims that her failure to identify her protected category in the informal complaint was an oversight, and the EEO manager allowed the claim to proceed to mediation because she was otherwise aware that McGriff alleged a complaint based on her protected racial status. McGriff further asserts that she attempted in good faith to remedy this problem when she created a box on the form marked "disparate treatment" and checked the box to describe her problem.

Title VII, of course, prohibits disparate treatment only when the treatment is motivated by one of the characteristics protected by Title VII. Potter urges this court to

conclude that McGriff can prove no set of facts consistent with her claims; Potter relies upon a case in which a court dismissed a plaintiff's claim of national origin discrimination because his EEOC charge alleged that he was fired because people did not like him. *Hossain v. The Russian Tea Room*, 2001 U.S. Dist. Lexis 10375 at *1-2 (S.D.N.Y. July 23, 2001). *Hossain* is inapposite. While Hossain's EEOC complaint disclaimed any possibility of a claim based upon his protected status, McGriff's complaint offers at least a suggestion that the alleged disparate treatment may be based upon race. The term "disparate treatment" is a term of art associated with discrimination based on a classification protected by Title VII, such as race, and she indicates that the investigators knew this was her purpose when she filed the claim. At this point, the court does not weigh the merits of the plaintiff's claim or her credibility; instead, the court merely tests the complaint and the motion to see if it is beyond a doubt that plaintiff could not establish a set of facts which would allow her to recover.[3]

The plaintiff has adequately alleged facts which, if proven, could establish a that she filed a timely claim of racial discrimination. Accordingly, the court cannot conclude, at this stage, that the plaintiff can prove no set of facts that would entitle her to relief against Potter, and thus, the defendant's Motion to Dismiss is due to be denied.

## CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that defendant Potter's

---

[3] On motion to dismiss, the court must rely on the pleadings and the court cannot, at this stage, say the plaintiff can establish no facts that would allow it to prevail. The defendant, however, may challenge the plaintiff's assertions in a motion for summary judgment at which time, the plaintiff would have to come forward with evidence in support of her claims.

Motion to Dismiss (Doc. # 11) is due to be DENIED.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before September 19, 2005. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982). See Stein v. Reynolds Secs., Inc., 667 F.2d 33 (11th Cir. 1982). See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 6th day of September, 2005.

       /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE