IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DELORIS McGRIFF,** ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 1:05-cv-447-F |
| ) | |
| **JOHN E. POTTER,** ) | |
| **Postmaster General,** ) | |
| **United States Postal Service,** ) | |
| ) | |
|    **Defendant.** ) | |

**DEFENDANT'S OBJECTIONS TO RECOMMENDATION THAT
DEFENDANT'S MOTION TO DISMISS BE DENIED**

COMES NOW Defendant, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to 28 U.S.C. § 636(b)(1) submits the following Objections to the September 6, 2005 Recommendation of Magistrate Judge Coody that Defendant's Motion to Dismiss be denied. This Court should set aside the Recommendation and dismiss Plaintiff's lawsuit pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

**STATEMENT OF THE CASE**

This is an action for alleged race discrimination brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq. Plaintiff, who is proceeding pro se, alleges that she was discriminated against due to her race when her name was not removed from a Postal Service hiring register for Montgomery, Alabama. (Pl. Comp. at pages 1-2). Defendant moved to dismiss Plaintiff's lawsuit on the ground that she had failed to exhaust the mandatory administrative remedies applicable to Title VII claims because, among other things, she had failed to complain of race discrimination or any other prohibited form of discrimination in her informal or formal EEO complaints. (Def. Memo. to Dismiss, at 7-10). Due to these failures on Plaintiff's part, the United States Postal Service had not

reached the merits of Plaintiff's claim and had dismissed her formal administrative complaint for failure to state a claim upon which relief may be granted and for being untimely. (Pl. Comp. Docs. at 4-6 of 59).[1] The EEOC affirmed this dismissal on appeal. (Id. at 1-3 of 59).

In Response to Defendant's Motion to Dismiss, Plaintiff asserted that she "overlooked" the "Discrimination Factors" section of her September 2004 informal complaint and thus did not mention any type of prohibited discrimination in her informal complaint, and she contends that this omission was not brought to her attention until an October 2004 mediation. (Pl. Resp. at 1). Tellingly, however, Plaintiff does not mention ever correcting the deficiency. Indeed, she did not refute her admission, in documents attached to the Complaint, that she told an EEO investigator after filing her informal complaint that "she did not think [her] complaint was one of discrimination." (Pl. Comp. Docs. at 11 of 59). Nor did she refute that her formal complaint, filed in December 2004 after meeting with this EEO counselor, after learning about the deficiency in her informal complaint, and after mediation, did not contain a check in the race discrimination box, mention race discrimination, or identify any type of discrimination prohibited by Title VII. (Id. at 56 of 59). Accordingly, it is undisputed that Plaintiff omitted race discrimination from her formal complaint despite

---

[1] Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, a "copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Plaintiff attached 59 pages of documents to her Complaint which, for purposes of this Motion, are considered part of her pleading.

receiving clear and repeated instructions that Title VII only covered certain types of discrimination and that she had to specify a precise type of discrimination.[2] (Id. at 53 of 59).

In a September 6, 2005 Recommendation, Magistrate Judge Coody recommended that Defendant's Motion to Dismiss be denied. The Recommendation is apparently based on three findings by the Magistrate Judge. First, that the informal EEO Counselor allowed Plaintiff's informal complaint to proceed to mediation because the Counselor believed the complaint asserted race discrimination. (Recommendation, at 4). Second, that Plaintiff offered allegations, or evidence, that agency investigators knew her formal complaint presented race discrimination claims. (Id. at 5). Third, that Plaintiff's act of creating a new box entitled "disparate treatment" on her formal complaint, combined with this purported knowledge of agency officials, is sufficient to allege race discrimination. (Id. at 5). None of these conclusions are supported by allegations in the Complaint or the attached documents. Furthermore, none are supported by Plaintiff's arguments in her Response. Accordingly, as set forth below, Defendant objects to the Recommendation and respectfully requests that this Court overrule the Recommendation, grant Defendant's Motion, and dismiss this lawsuit.

---

[2]Besides being told by the EEO counselor that she needed to reference a specific type of discrimination covered by Title VII, Plaintiff was also advised in a December 1, 2004 letter that her formal EEO complaint "can only" be based on discrimination covered by Title VII and that it "must" contain the specific type of discrimination she was alleging against the agency. (Pl. Comp. Docs. at 11, 53-54 of 59). Plaintiff ignored these instructions and created a new box on her formal complaint, aside from the boxes for race and other types of prohibited discrimination, which she entitled "disparate treatment." (Id. at 53 of 59).

**ARGUMENT AND CITATION OF AUTHORITIES**

**I. Standard of Review.**

The Court must conduct de novo review of those portions of the Recommendation to which objections are lodged. See 28 U.S.C. § 636(b)(1); Jeffrey v. State Bd. of Educ. of Georgia, 896 F.2d 507, 512-513 (11th Cir. 1990). As set forth below, this Court should reject the Recommendation and dismiss this lawsuit because the Magistrate Judge erred in concluding that Plaintiff exhausted the mandatory administrative remedies that are applicable to Title VII claims of race discrimination raised by federal-sector employees. See Thompson v. West, 883 F. Supp. 1502, 1507-1508 (M.D. Ala. 1995) (dismissing Title VII lawsuit for failure to state a claim upon which relief may be granted when plaintiff's complaint revealed he had not exhausted administrative remedies).

**II. Plaintiff Did Not Exhaust Her Mandatory Title VII Exhaustion Requirements.**

Defendant objects to the Recommendation's conclusion that Plaintiff alleged sufficient facts in her Complaint and attached documents to establish that she exhausted her mandatory administrative remedies. Before a federal employee can raise a Title VII claim in court, she must fully exhaust available administrative remedies. See Grier v. Secretary of the Army, 799 F.2d 721, 724 (11th Cir. 1986); Thompson, 883 F. Supp. at 1507-1508. To exhaust, the employee must first contact an EEO counselor within 45 days of the alleged discrimination or retaliation. See 29 C.F.R. § 1614.105. The EEO counselor will conduct counseling activities to see whether the matter can be informally resolved. See id. If the matter cannot be resolved, the counselor completes a written report on the counseling process and provides the employee notice that she has 15 days in which to file a formal complaint of discrimination with the agency. See 29 C.F.R. §§ 1614.105(c)-(f) & 1614.106(b). Once this

formal complaint is filed, the agency conducts an impartial investigation, which may involve a hearing before an administrative law judge, and issues a final agency decision. See 29 C.F.R. § 1614.106(e). The employee can then appeal the final decision to the EEOC.

These administrative remedies are not mere technicalities that can be ignored by employees, but instead "are integral parts of Congress' statutory scheme of achieving a careful blend of administrative and judicial enforcement powers." Thompson, 883 F. Supp. at 1507 (quotation omitted). The purpose of the exhaustion requirement is to give the employing federal agency the opportunity to investigate allegations of prohibited discrimination, mediate them, and take any appropriate remedial action. See Gregory v. Ga. Dep't of Human Resources, 355 F.3d 1277, 1280 (11th Cir. 2004); Stewart v. United States INS, 762 F.2d 193, 198 (2d Cir. 1985). Accordingly, if an agency does not reach the merits of a plaintiff's formal complaint because the employee did not complain of a prohibited type of discrimination within the prescribed time period or failed to cooperate with an agency's efforts to gather information, then the employee should not be allowed to proceed in court with a Title VII lawsuit. See Johnson v. Bergland, 614 F.2d 415, 417-418 (5th Cir. 1980); Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir. 1999). If the rule were otherwise, then these administrative requirements would be rendered meaningless. See Johnson, 614 F.2d at 418. See also Hossain v. The Russian Tea Room, No. 01 Civ. 0500, 2001 U.S. Dist. LEXIS 10375, *3 (S.D.N.Y. July 23, 2001) (copy attached to Defendant's Motion).

In this case, contrary to the Magistrate Judge's conclusion in his Recommendation, the Plaintiff did not exhaust these mandatory administrative remedies for any race discrimination claims now being asserted in her Complaint. Specifically, she failed to raise a race discrimination claim at two crucial junctures in the administrative process: (A) during the

informal counseling session when the need to allege any type of discrimination covered by Title VII was brought to her attention and not corrected by her and (B) when she filed her formal complaint and still failed to allege any type of discrimination covered by Title VII.

### A.     Plaintiff's Failure to Mention Race During the Pre-Complaint Process.

First, Plaintiff failed to raise race discrimination as a basis for her claim during the pre-counseling period prior to her filing of a formal complaint.  (Pl. Comp. Docs. at 11, 18-21 of 59).  The Magistrate Judge wrote in his Recommendation that "[Plaintiff] claims that her failure to identify her protected category in the informal complaint was an oversight, and the EEO manager allowed the claim to proceed to mediation because she was otherwise aware that [Plaintiff] alleged a complaint based on her protected racial status." (Recommendation, at 4).  While the first clause of this conclusion is supported by Plaintiff's statements on page one of her Response to Defendant's Motion, there is <u>no</u> support in the record for the assertion that the EEO Manager (also referred to as an EEO Counselor) allowed Plaintiff's case to proceed because the Counselor was aware Plaintiff was alleging race discrimination.

Specifically, in Plaintiff's Response, Plaintiff merely asserted that she overlooked the "discrimination factors" section of the informal complaint form until it was brought to her attention at a mediation in October 2004.  (Pl. Resp. at 1).  Notably, however, she did not assert, in any manner, that she corrected this deficiency at that time or any other time.  Nor is there support in the Complaint or attached documents to support any such correction.  To the contrary, the EEO Counselor's Dispute Resolution Specialist's Inquiry Report, which was prepared at the conclusion of the informal counseling process on 12/13/04 pursuant to 29 C.F.R. § 1614.105, establishes that Plaintiff did <u>not</u> correct this omission.  (Pl. Comp. Docs.

at 7-11 of 59). The EEO Counselor's report left the "Basis for Discrimination" section, with its box for race discrimination, empty. (Id.) Furthermore, the Counselor wrote as follows:

> During pre-complaint counseling, the EEO [dispute resolution specialist] informed the complainant [Plaintiff] that she must cite a type of discrimination. <u>The complainant stated that she did not think this complaint was one of discrimination</u>...The DRS further informed the complainant that her complaint may not be accepted for investigation for failure to cite a type of discrimination. The complainant stated that she fully understood the process.[3]

(<u>Id</u>. at 11 of 59) (emphasis added).

In sum, therefore, contrary to the Magistrate Judge's assertion on page 4 of the Recommendation, there is <u>no allegation</u> that the EEO counselor, at any point in the informal counseling process, understood that Plaintiff was alleging race discrimination. Instead, the only possible inference from the Complaint and attached documents is that Plaintiff did not mention race during the informal pre-complaint processing and that she was not asserting <u>any</u> type of discrimination covered by Title VII. (Pl. Comp. Docs. at 8-11).

**B. Plaintiff's Failure to Mention Race in her Formal Complaint.**

Second, Plaintiff failed to allege race discrimination in her formal complaint, which was filed <u>after</u> the conclusion of the informal, pre-counseling complaint process and <u>after</u> she was specifically advised of the need to identify a specific type of discrimination. (Pl. Comp. Docs. at 53 of 59). Plaintiff did not check the race box in the "Type of Discrimination You Are Alleging" section of the formal complaint. (<u>Id</u>.) Instead, Plaintiff ignored and rejected all the boxes for types of discrimination covered by Title VII that were listed on the formal complaint and simply wrote "disparate treatment" next to them. (<u>Id</u>.) She provided no facts, however, to show that she was treated differently than anyone else due to her race, gender,

---

[3] This statement by Plaintiff, in a document incorporated into her pleadings, is an admission that she failed to refute or address in her Response Brief.

age, disability, or because of her membership in any other protected class.[4] (Id.)  The Magistrate Judge concluded that Plaintiff had alleged sufficient facts which, if proven, could establish she asserted a race discrimination claim in her formal complaint.  In reaching this conclusion, the Magistrate Judge stated that "the term 'disparate treatment' is a term of art associated with discrimination based on a classification protected by Title VII, such as race, and [Plaintiff] indicates that the investigators knew this was her purpose when she filed the claim." (Recommendation, at 5).  The Magistrate Judge's conclusion is erroneous and is not based on any reasonable inferences from the Record.

First, and most importantly, Plaintiff <u>never</u> indicated that agency investigators who processed Plaintiff's formal complaint knew that she was filing a racial discrimination complaint.  Plaintiff's Response contains no such argument.[5]  Furthermore, there is no such allegation in the Complaint or the 59 pages of attached documentation.[6]  Instead, it is established that the Postal Service dismissed Plaintiff's formal complaint for failure to state a claim within the province of its EEO office.  Specifically, the agency declared as follows:

> According to the Report of Counseling and your formal complaint, you have not alleged discrimination based on race, color, religion, sex, national origin, age, physical disability, mental disability, or retaliation (prior EEO activity).  In order to state a claim, you must specify one of the above purviews.  Therefore, [Plaintiff's formal complaint] is dismissed for failure to state a claim under 29 C.F.R. § 1614.107(a) [which requires that a formal complaint allege discrimination on the basis of race or some other protected class covered by federal anti-discrimination laws].

---

[4]Indeed, there is nothing on the form to even suggest the race of Plaintiff or Deloris McGill, the Postal Service Human Resources employee she alleges failed to remove her name from the Montgomery register.  (Id.)

[5]In fact, Plaintiff's Response does not address her formal complaint.

[6]Indeed, as set forth above, the allegations in the Complaint and attached documents establish that the EEO counselor investigating Plaintiff's informal complaint had no knowledge that Plaintiff was asserting any discrimination covered by Title VII.

(Pl. Comp. Docs. at 4-6 of 59). In reaching this decision, the agency relied not only on Plaintiff's failure to identify race, or any form of discrimination, in her formal complaint, but also on her failure to mention race discrimination during the informal counseling process. (Id.) In short, there is no support in the record for the Magistrate Judge's conclusion on page 5 of his Recommendation that investigators knew Plaintiff was attempting to assert a race discrimination in her formal complaint. Instead, such a conclusion is directly contrary to the allegations and arguments in the Complaint, attached documents, and Plaintiff's Response.

Furthermore, Plaintiff's creation of a new "disparate treatment" box on her formal complaint, instead of checking the race box (or the boxes for any of the other forms of discrimination prohibited by Title VII) is not sufficient by itself to assert a race discrimination claim. In Hossain, for example, just as in the present case, the plaintiff filed an EEOC charge and did not check any of the boxes for the types of discrimination covered by Title VII. See Hossain, 2001 U.S. Dist. LEXIS 10375, *1. Instead, he checked a box marked "other" and wrote that his employer had not liked him and had been unfair to him. See id. The plaintiff later filed a lawsuit alleging national origin discrimination. See id. at *2. The court noted that the plaintiff, by deliberately bypassing all the prohibited forms of discrimination on his EEOC charge and marking the "other" box had "specifically disclaimed" any claim that his employer had been motivated by a bias prohibited by Title VII. See id. at *3. The court then dismissed the plaintiff's lawsuit, and explained as follows:

> The whole point of requiring initial recourse to the EEOC is to bring into play the administrative mechanism which Congress intended to be the principal means of resolving employment discrimination claims. Plaintiff's charge gave the EEOC no basis for supposing that Plaintiff's grievance fell within its area of concern. This bypassing of the EEOC, whether advertent or not, would defeat Congress' intentions if allowed to stand.

Id. at *3. The Hossain case is directly applicable to the present situation. Like the plaintiff in Hossain, Plaintiff deliberately elected not to check the race discrimination box, despite being repeatedly instructed to provide a type of discrimination covered by Title VII, and did not give the Postal Service any notice that she was alleging any discrimination claim that fell within its area of concern. (Pl. Comp. Docs. at 53 of 59). Her action in electing not to check the race box indicated to the Postal Service that she was not alleging a race discrimination claim. See, e.g., Hossain, 2001 U.S. Dist. LEXIS 10375, at *3.

The Magistrate Judge improperly distinguished Hossain on the ground that Plaintiff had offered "at least a suggestion" that race "may be" the basis of her formal complaint because she used the term "disparate treatment." (Recommendation, at 5). The Magistrate Judge noted that the term "disparate treatment" was a term of art associated with Title VII discrimination claims. (Id.) The use of the term "disparate treatment" by itself, however, cannot be enough to satisfy the administrative exhaustion requirements. Disparate treatment is not a type of discrimination, such as the types listed on the formal complaint form which Plaintiff ignored (race, color, religion, national origin, sex, age, retaliation, and disability). Instead, it simply means differential treatment, which can be based on any number of factors including those that fall outside the scope of Title VII (but may be covered by other statutes) such as union activity, veteran status, whistle blowing, or other grounds.[7] See Coutu v. Martin County Bd. of Educ., 47 F.3d 1068, 1074 (11th Cir. 1995) ("Unfair treatment, absent discrimination based on race, sex, or national origin, is not an unlawful employment practice

---

[7] Indeed, the formal complaint is entitled "EEO Complaint of Discrimination in the Postal Service" and thus if an employee writes "disparate treatment" in the "Type of Discrimination" section of the complaint she is adding nothing to the complaint that is not already on the standard form. (Pl. Comp. Docs. at 53 of 59). The discrimination, or disparate treatment, must still be identified as a type covered by Title VII.

-10-

under Title VII"). Plaintiff, like the plaintiff in Hossain, rejected the boxes on her formal complaint that would have made her complaint fall within the scope of Title VII. See Hossain, 2001 U.S. Dist. LEXIS 10375, *1-*3. In fact, not only did she fail to allege race discrimination in her formal complaint, but as discussed supra she specifically disavowed a race discrimination complaint during the informal process. Accordingly, it is rank speculation to conclude that her use of the term "disparate treatment" was meant to imply a race discrimination claim instead of some other unfair treatment that would not fall within the scope of Title VII.

In short, the factual assertions made in Plaintiff's Complaint and attached documents establish, as a matter of law, that Plaintiff failed to exhaust her mandatory administrative remedies. Plaintiff did not mention race discrimination in her informal or formal complaints despite repeated and explicit instructions to do so if she intended to allege race discrimination. (Pl. Comp. Docs. at 11, 53). Due to Plaintiff's failure to follow procedures and mention race discrimination, the Postal Service did not reach the merits of her formal complaint and dismissed it for failure to state a claim upon which relief could be granted. (Id. at 3-6 of 59). The former Fifth Circuit, in a binding opinion, has stated quite clearly that "if the agency does not reach the merits of the complaint because the complainant fails to comply with the administrative procedures, the Court should not reach the merits either." See Johnson, 614 F.2d at 418. This statement is directly applicable to the present situation and mandates that Plaintiff's case be dismissed. See id. See also Grier, 799 F.2d at 723-724 (holding that grievance filed by federal employee which challenged non-selection and hiring of allegedly less qualified applicant but did not mention race failed to satisfy the administrative exhaustion requirements of Title VII).

Indeed, Plaintiff's failure to cooperate with the EEO counselor's request for information and her disregard for repeated instructions to do so prevented the agency from fully investigating Plaintiff's claims and is basis enough for this Court to determine that Plaintiff failed to exhaust her administrative remedies. See Crawford, 186 F.3d at 1327 ("By failing to provide the Agency with the relevant information it requested to resolve her claim, [plaintiff] did not participate in good faith in the administrative proceedings and therefore did not exhaust her administrative remedies"); Edwards v. Dep't of the Army, 708 F.2d 1344, 1347 (8th Cir. 1983) (holding that employee who failed to provide information during agency investigation did not exhaust mandatory administrative remedies). If this Court allows Plaintiff to proceed with this lawsuit after her failure to cooperate and allege race discrimination to the Postal Service, then it will be bypassing the administrative scheme established by Congress and effectively removing the exhaustion requirement from the law. See Grier, 799 F.2d at 724; Johnson, 614 F.2d at 418; Hossain, 2001 U.S. Dist. LEXIS 10375, at *3.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court reject the Magistrate Judge's Recommendation, grant Defendant's Motion to Dismiss, and dismiss Plaintiff's lawsuit for failure to state a claim upon which relief may be granted.

Respectfully submitted this 13th day of September, 2005.

Respectfully submitted,

LEURA G. CANARY
United States Attorney

By: s/James J. DuBois
JAMES J. DUBOIS
Assistant United States Attorney
Georgia Bar No. 231445
United States Attorney's Office
Post Office Box 197
Montgomery, AL 36101-0197
Telephone: (334) 223-7280
Facsimile: (334) 223-7418
E-mail: james.dubois2@usdoj.gov

OF COUNSEL:

GILLIAN STEINHAUER
Attorney
Law Department
United States Postal Service
225 N. Humphreys Blvd.
Memphis, TN 38166-0170
(901) 747-7350
Fax: (901) 747-7371

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing Memorandum upon the Plaintiff at her address of record, 3487 Ed Tolar Road, Pansey, Alabama 36370, by mailing a copy of same, first class, postage prepaid, on this 13th day of September, 2005.

s/James J. DuBois
Assistant United States Attorney