IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DELORIS McGRIFF | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  1:05cv447-WKW |
| | ) | (WO) |
| JOHN E. POTTER, | ) | |
| Postmaster General, United States | ) | |
| Postal Service | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Deloris McGriff filed this pro se action on May 16, 2005, alleging that the United States Postal Service, through Postmaster General John E. Potter,[1] discriminated against her based on her race by failing to place her on the proper hiring register and failing to hire her as a permanent postal employee.  The court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and § 1343.

Now pending before the court is defendant Potter's Motion to Dismiss (Doc. # 11). After careful review and consideration, the court concludes that the motion to dismiss should be granted and this case be dismissed.

---

[1]  When alleging a claim of discrimination under Title VII against a federal agency, a plaintiff, "may file a civil action . . . in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant."  42 U.S.C. 2000e-16(c).  Therefore, the Postmaster is the proper defendant in a Title VII case based on actions by the United States Postal Service.  *Soto v. USPS*, 905 F.2d 537, 539 (1st Cir. 1990).

**STANDARD OF REVIEW**

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one." *Scheuer v. Rhodes*, 416 U.S. 232 (1974). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Id.* "Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Id.*

In appraising the sufficiency of the complaint, courts follow the well-established rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (footnote omitted); *see also Gardner v. Toilet Goods Ass'n.,* 387 U.S. 167, 172 (1967). The threshold for a complaint to survive a motion to dismiss is "exceedingly low." *Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 703 (11th Cir. 1985).

Finally, when considering a motion to dismiss for failure to state a claim, all facts set forth in the complaint are to be accepted as true, and the court limits its consideration to the pleadings and exhibits attached thereto. *Grossman v. NationsBank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000); *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993).

Consequently, the court has considered only those facts alleged by the plaintiff in her complaint and the extensive exhibits attached to the complaint.

## ALLEGATIONS OF THE COMPLAINT

The plaintiff alleges the following facts:

On June 8, 2004, McGriff requested that her name be removed from the hiring register for the Postal Service in Montgomery, Alabama so that she could secure a place on the hiring register for the Postal Service in Dothan, Alabama.  The United States Postal Service does not allow a candidate to occupy places on two hiring registers at once.  On August 24, 2004, the Montgomery Postal Service called McGriff to offer her an interview for a job.  When McGriff received this call, she realized that her name had neither been removed from the Montgomery hiring register nor added to the Dothan hiring register.  In this action, McGriff alleges that the Postal Service disregarded her request due to her race.

## DISCUSSION

Potter alleges that this lawsuit is due to be dismissed for two reasons: 1)  McGriff's initial informal complaint was untimely and 2) McGriff failed to exhaust her administrative remedies because she did not allege any claims of racial discrimination until she filed this action in this court.   McGriff asserts that her claim was filed timely, and that she exhausted her administrative remedies by following the proper procedure  to lodge allegations of racial discrimination in good faith and to the best of her ability.[2]

---

[2]  On September 6, 2005, the undersigned Magistrate Judge entered a recommendation that the defendant's motion to dismiss be denied.  The defendant timely filed objections and after further review of the objections and motion to dismiss, the court concluded that the objections warranted reconsideration.

Federal regulations require federal employees or employment candidates to file discrimination claims with an internal Equal Employment Opportunity ("EEO") counselor within forty-five days of the incident. See C.F.R. § 1614.105(a)(1). Next, the aggrieved party may file a formal complaint, which may be appealed to the Office of Federal Operations of the Equal Employment Opportunity Commission, and finally to the United States District Court.

Potter alleges that the discriminatory incident took place on June 8, 2004, when McGriff requested that her name be removed from the Montgomery hiring register. In contrast, McGriff claims that she had no knowledge of the failure to remove her name from the Montgomery register until August 24, 2004. She references both of these dates in her charge. If McGriff can provide sufficient evidence that the claim arose on August 24, 2004, she may be able to establish that her informal complaint was timely when it was filed in September 2004. Consequently, the court concludes that the defendant's motion to dismiss on this basis is due to be denied.

However, the court concludes that the defendant's motion to dismiss is due to be granted because the plaintiff has failed to exhaust her administrative remedies. Potter argues that this action should be dismissed because McGriff's written charge documents filed prior to this suit fail to identify her protected category. Her formal administrative complaint was dismissed because of McGriff's failure to identify the alleged basis of her discrimination

---

Thus, on February 7, 2006, the recommendation was withdrawn. The instant recommendation is a result of reconsideration of the defendant's motion to dismiss.

complaint, and the EEOC affirmed this decision, as demonstrated by attachments that are part

of McGriff's complaint.

McGriff alleges that she followed the correct sequence and substance of filings to

preserve her claim of racial discrimination. In addition, she alleges that her claim was always

based upon racial discrimination. She claims that her failure to identify her protected

category in the informal complaint was an oversight, and the EEO manager allowed the claim

to proceed to mediation anyway. McGriff further asserts that she attempted in good faith to

remedy this problem when she created a box on the form marked "disparate treatment" and

checked the box to describe her problem. The problem with the plaintiff's assertions,

however, is the documents attached to and made a part of her complaint, do not support her

position.

On September 27, 2004, McGriff contacted the USPS EEO Office. She completed

a pre-complaint information form in which she complained that her name was not taken off

the Montgomery carrier register. Section B of the pre-complaint form discusses

discrimination factors.

> Prohibited discrimination includes actions taken based on your ***Race, Color,
> Religion, Sex, Age (40+), National Origin, Physical and/or Mental
> Disability, or in Retaliation*** (*actions based on your participation in prior EEO
> activity*). These categories are referred to on this form as factors.
>
> What Factor(s) of Discrimination Are You Alleging? (*Please be specific, i.e.,
> Race - African-American, Sex - Female.*)

(Pl's Compl. at 21) (emphasis in original).

The plaintiff did not specify her race as a discrimination factor. In fact, the section

discussing discrimination factors was left blank.

McGriff was interviewed on October 6, 2004. During the pre-complaint interview, the EEO Dispute Resolution Specialist ("DRS") advised McGriff that "she must cite a type of discrimination. (Pl's Compl. at 14). "The complainant stated that she did not think this complaint was one of discrimination." (*Id*.) The DRS again explained to McGriff the need to specify the type of discrimination and further explained that "her complaint may not be accepted for investigation for failure to cite a type of discrimination." (*Id*.) McGriff acknowledged to the DRS that she fully understood the process. (*Id*.)

On November 29, 2004, McGriff was advised that no resolution of her complaint was reached and she had fifteen days to file a formal complaint. (Pl's Compl. at 56). McGriff was specifically advised that

> A complaint must also contain the following information . . . [t]he specific
> type of discrimination alleged, e.g., race-black, sex-female, etc; . . .

(*Id*.)

On December 7, 2004, McGriff completed an EEO Complaint of Discrimination in the Postal Service. (Pl's Compl. at 59). Despite being advised numerous times that she had to specify the type of discrimination she was alleging, McGriff did not check the box indicating that she was alleging race discrimination. Instead, she created her own box, entitled it Disparate Treatment, and checked it. Although she alleged that her name was not taken off the Montgomery register after she requested her name be removed, McGriff did not allege that her name was not taken off the list because of her race. (*Id*.)

6

On December 22, 2004, McGriff's appeal to the USPS EEO Compliance and Appeals

Office was dismissed for her failure to state a claim.

> According to the Report of Counseling and your formal complaint, you have
> not alleged discrimination based on race, color, religion, sex, national origin,
> age, physical disability, mental disability, or retaliation (prior EEO activity).

(Pl's Compl. at 7)

On January 18, 2005, McGriff wrote the EEOC, Office of Federal Operations,

challenging the EEO's denial of her complaint. (Pl's Compl. at 15). In addition, McGriff

submitted a "supporting statement" from her union representative. In her supporting

statement, McGriff asserts that she "created a box . . . and wrote beside it Disparate

Treatment." According to her statement, McGriff "did not know, nor are we saying that the

employer said that race was the reason for their decision." (*Id*. at 16).

Title VII prohibits discriminatory employment practices based on race, color, religion,

sex, or national origin. *See Walker v. NationsBank of Fla., N.A.*, 53 F.3d 1548, 1555 (11th

Cir. 1995). "Title VII is designed to protect employees against discrimination based on race,

sex, or national origin; it is *not* designed to protect against any and all unfair treatment in the

workplace." *Coutu v. Martin County Bd. of County Comm'rs*, 47 F.3d 1068, 1075 (11th Cir.

1995) (emphasis in original).

A federal plaintiff is required to pursue and exhaust her administrative remedies prior

to filing a Title VII action. *See Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999);

*Grier v. Secretary of the Army*, 799 F.2d 721, 724 (11th Cir. 1986); *Johnson v. Bergland*, 614

F.2d 415, 417 (5th Cir. 1980).[3]  However, it is not sufficient for the plaintiff to simply allege that she was the victim of some sort of discrimination.  *See Johnson*, 614 F.2d at 418 ("the plaintiff's responses to the agency request for information were insufficient to enable the agency to determine what complaint of discrimination was made and when it had occurred.")

Although McGriff now contends that she was discriminated against based on her race, she did not make this claim in her EEO charge.  Notwithstanding her contention that she simply "overlooked" the discrimination factors section on her initial complaint form, McGriff's own documentation, attached to her complaint, demonstrates that she made no attempt throughout the administrative process to correct this deficiency.   McGriff was repeatedly advised during the administrative proceedings that she was required to specify the type of discrimination about which she was complaining.  "Where an agency or the EEOC requests information relevant to solving the employee's complaint and the employee fails to provide that information, the employee has failed to exhaust her administrative remedies." *Crawford*, 186 F.3d at 1326.

Even if the court were to conclude that her initial failure to complete the section entitled "Discrimination Factors" was inadvertent, it is undisputed that McGriff failed to provide the requisite information regarding the basis of her discrimination claim. Consequently, the court concludes that because McGriff failed to exhaust her claim of racial discrimination, her claim is barred in this court, and as a matter of law she can prove no set

---

[3]  *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

of facts entitling her to relief. "[T]he failure to exhaust administrative remedies subjects the judicial complaint to dismissal." *Johnson*, 614 F.2d at 417.

### CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that defendant Potter's Motion to Dismiss (Doc. # 11) be GRANTED and this case be DISMISSED.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before **February 21, 2006**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

Done this 8th day of February, 2006.


                                    /s/Charles S. Coody
                                    CHARLES S. COODY
                                    CHIEF UNITED STATES MAGISTRATE JUDGE